83,247-02

RE: Arthur Lamar Mitchell
C.C.A No. WR-83,247-01
Trial Court Case No 695776-A

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

To: The Court of Criminal Appeal

The Court of 185th District of Harris County Texas.
Assistant District Attorney has file the State
Original Answer of the Relator 11.07 Habeas Corpus
Application imposing the Doctrine of laches that
the Relator trial Counsel Okoire has been materially
prejudice by the Applicant's long delay in filing his claim.

The Relator state that delay has not posed a substantial
burden on the state because the court Reporter Fairly
asses the claim and error's base on the transcript
of the trial and the proceeding Record of the case.
Smith v Duckworth 910 F2d 1492 finding insufficient
Prejudice for dismissal under Rule 9(a) where the
witness had been Recorded at a hearing before
they died.
In: Buckanon v Mintzes 734 F2d 274 granted a 25
year delay did not bar petitioner claim there are
sufficient Record of those proceeding to indicate
that the state had not been prejudice in its
ability to respond to the petitioner claim.

Rideau v Whitley 237 F3d 472 at 479 also
Bedford Attorney General of alabama 934 F2d 295 299-300 Refusing to grant Rule 9(a) dismissal the state did not show Particularize Predic Prejudice from a 19 Year delay between finality of Conviction Relie I addition prior to (Laches) to AEdPA when there was No specified Limit on filing of 2254 Petition a prisoner was generally entitled and even encouraged to take Necessary to construct a Petition sett forth every factual and Legal basis on which contended his Custody was unLawful.
Relator Content that trial Counsel o Korie did Not Presented any type of document or motion Nor evidence Containing to the trial. Only thing trial Counsel Showed was a Photograh that was handed and Provide to him by the Prosecuting attorney Showing a 8 x 10 Portable tool Shed. It is Fundant Fundamental that n attorney Representing must aquaint himself not only with the Law But also the Fact of the case. Trial Counsel ask the Judge Harper for a Reset beause he had not investi investigated Nor File any motion of the case was unprepared did not have any Legal document's and was unfamiliar with the case. Counsel Lead the Petitioner in a trial with an atmosphere of Such extreme Prejudice. that the Petitioner was Literally stripped of the Aest Representation govern by the Sixth Amendment of the United State Constitution. Stickland v Washington 466 US 668, 104 Sct 2052, 80 L. Ed 2d 674 1984

On a direct appeal the State appointed Lawyer Enid anne williams to Represent the appellant on an appeal. The issue of ineffective assistance was not raised was advise by appeal Lawyer that an a direct appeal - appeal court dont except ineffective assistance of counsel claim on a first time appeal. appeal Lawyer prepard a frivolous brief and did not have any merit did not cite any case Law's pertaining that a portable tool shed was not a habitation and that burglarized building was mandated and a Lesser - included offense of burglay or a habitation. Therefore Leaving any Room to defend the trial court argument and decision.

## Background:

The Record illustrate that the appellant burglarized a tool shed. Reach inside and pull out a gas can weedeater Lawn mower. The owener described the tool shed was not attach to the house. According to the owner that data consisted on no evidence of live utilities no person living in a 8x10 detach portable shed no other items common to overnight accommodation. The owner ms Grable's testified that no on live in the shed that it was use storagens tool's. ms Grable's testified that the shed set 20 feet away from the house. Therefore a Lesser-included instruction of the offense is Proper.

Appellant attack the trial court failure to instruct the jury of the offense of burglarizing building such instruction is mandated because it purportedly constituted a lesser-included offense of burglaring a habition and that the evidence warranted it's submission. there is evidence exists in the record. that a rational jury to find that if the defendant is guilty he is guilty only of the lesser-included offense rather than a habitation. Texas Penal Code Annotated 30.05 west) lesser included offense of burglary amounted to ineffective assistance of counsel such that (1) counsel representing the appellant fell below an objective standard of reasonableness (2) resulting in a reasonable probability that the outcome of the trial would have been different, but for counsel performance: see: Vasquez V. State 830 SW2d 948, 949 tex cr 1992 Washington 466 US 668, 104 SCt 2052, 80 Led 2d 674 1984 counsel failure to instruction can render his assistance ineffective under the particular facts of the case. the trial judge would have error in refusing the instruction had counsel requested it. see: Vasquez V State 830 SW2d at 951 also: Waddell V State 918 SW2d 91 tex app 1996

Wherefore the petitional pray's that the court grant him the relief to which he may be entitled

Arthur L Mitchell 738709